**SO ORDERED.**

**SIGNED this 09 day of June, 2009.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DIVISION OF NORTH CAROLINA

IN RE:

SOUTHERN ELEGANT HOMES, INC.,         Case Number 09-02756-8-JRL
                                       Chapter 11
    DEBTOR.
_____

### ORDER

This matter came before the court on the creditor's motion to dismiss. A hearing on this matter was held on June 4, 2009 in Raleigh, North Carolina.

### BACKGROUND

Southern Elegant Homes, Inc., the debtor, was incorporated in North Carolina in July 2002. The debtor is in the business of residential real estate construction and development. At the time of incorporation, John Makovy ("Makovy"), the president of the debtor, was the sole shareholder, director, and employee. By July 2007, the debtor's business had significantly increased and David Wallach ("Wallach") was approached about joining the debtor. On or about August 14, 2007, 500 shares of the debtor's stock were transferred to Wallach. Makovy and Wallach are the only two shareholders of the debtor.

On April 2, 2009, the debtor filed for relief under Chapter 11 of the Bankruptcy Code.

Wallach contends that the petition for bankruptcy was a unilateral decision of Makovy, who lacked authority to file on behalf of the corporation. The court must determine if, based on the debtor's governing instruments, the case was appropriately filed.

## DISCUSSION

Every North Carolina corporation shall have a board of directors. The board of directors shall be granted the authority to exercise all corporate powers. N.C.G.S. § 55-8-01. Actions taken by the board of directors, however, must be in accordance with a corporation's articles of incorporation and bylaws. N.C.G.S. § 55-2-06. This includes the authority to file a bankruptcy petition. A bankruptcy court can establish no jurisdiction over a petitioning corporation unless those individuals asserting the right to act on behalf of the corporation do in fact have such authority under provisions of state law and corporate governance instruments. *See*, Price v. Gurney, 324 U.S. 100, 106 (1945); In re Gen-Air Plumbing & Remodeling, Inc., 208 B.R. 426, 430 (Bankr. N.D. Ill. 1997).

Article III, Section 2 of the debtor's bylaws recite the conditions and terms of the corporation's board of directors. The document states:

"The number of Directors constituting the Board of Directors shall not be fewer than three, except that if and so long as all of the shares of the Corporation are owned of record by either one or two shareholders, the number of Directors may be fewer than three but not fewer than the number of such shareholders."

By these terms, upon the issuance of corporate shares to Wallach, the election of another director was mandated. The vacancy on the board of directors, created by the addition of a shareholder, should have been filled by an election at the debtor's annual meeting or at a special meeting of shareholders called for that specific purpose. Bylaws of Southern Elegant Homes, Inc., Article III, Section 5. Under the bylaws, the debtor's annual meeting should occur in August. Thus,

prior to this case, two opportunities have passed in which a director could have been elected and was not. This is in addition to any number of days that a special meeting could or should have been called.

North Carolina, as a matter of policy, does not appear to favor board of director vacancies. N.C.G.S. § 55-8-10 specifically addresses three different yet available means of filling a vacancy within a board where the articles of corporation do not specify otherwise, including a discretionary appointment to the board by a sole director. When the corporate bylaws went unobserved, these statutory provisions were available to cure the vacancy. Without an election or an appointment by statute, Makovy failed to operate the debtor in accordance with the bylaws. This outcome is consistent with <u>Nugent v. Riemore Nugent Collins</u>, in the Illinois court held that a single director of a corporation with two shareholders, where the statute provided that the number of directors be not less than the number of shareholders, had no authority to appoint new officers. 412 N.E. 2d 595 (Ill. App. 1980).

At the hearing, Makovy argued that Wallach should be estopped from objecting to this bankruptcy proceeding. Makovy maintains that certain acts of alleged fraud on the part of Wallach necessitated the petition. While no evidence of alleged mismanagement of either party was established, the end result is unchanged. The court finds that at the time of the bankruptcy petition, Makovy was without authority to act on behalf of the debtor. The principles of North Carolina law state that the number of directors on a board will be fixed by the articles of incorporation or the bylaws. N.C.G.S. § 55-8-03(a). The bylaws of the debtor are clear: the number of directors shall not be fewer than the number of shareholders. The moment Wallach became a shareholder an election of a second director was mandated, but there was no

requirement that it be Wallach. Thus any asserted misconduct on his part cannot excuse this noncompliance.

Based on the foregoing, the motion to dismiss is **ALLOWED.**

**END OF DOCUMENT**